432

John MORRIS, Appellant,

v.

STATE OF SOUTH CAROLINA and Ellis C. MacDougall, Director, South Carolina State Board of Corrections, Appellees.

Edward WILLIAMS, Appellant,

v.

STATE OF SOUTH CAROLINA and Ellis C. MacDougall, Director, South Carolina State Board of Corrections, Appellees.

Nos. 10011, 10023.

United States Court of Appeals Fourth Circuit.

Argued Jan. 5, 1966.

Decided Feb. 1, 1966.

James A. Hutto, Jr., Columbia, S. C. (Court-assigned counsel) [Hutto & Hutto, Columbia, S. C., on brief], for appellant Morris.

Matthew J. Perry, Columbia, S. C. (Court-assigned counsel) [Lincoln C. Jenkins, Jr., and Hemphill P. Pride, II, Columbia, S. C., on brief], for appellant Williams.

Daniel R. McLeod, Atty. Gen. of South Carolina, and Edward B. Latimer, Asst. Atty. Gen. of South Carolina (J. C. Coleman, Asst. Atty. Gen. of South Carolina, John W. Foard, Jr., Sol., Fifth Judicial Circuit of South Carolina, on brief), for appellees.

Ronald P. Sokol, Charlottesville, Va., amicus curiæ.

Before HAYNSWORTH, Chief Judge, and SOBELOFF, BOREMAN, BRYAN and J. SPENCER BELL, Circuit Judges, sitting en banc.

PER CURIAM.

In these companion cases writs of habeas corpus were sought upon the ground, among others, that their confessions were introduced in evidence against them in violation of their constitutional rights. The appeal in the Morris case was heard, after which we disposed of his other contentions but scheduled the case for reargument, along with the Williams

case and several others which presented a miscellany of problems arising in connection with the application of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977. It now appears however, that the present record does not furnish an adequate basis for review of the decisions of the District Court.

Though there is internal evidence in the District Court's order that it had reviewed at least a portion of the transcript of the proceedings, in the trial court, the transcript of those proceedings is not a part of the record in these cases. Without it, we cannot determine the extent to which the record of the proceedings in the trial court supports the findings of the historical facts. Nor can we determine whether a full and fair hearing has been held in the state court, so as to afford a basis for the District Court's acceptance of the state court's findings.

We infer that there was no resolution of the underlying historical facts in the state trial court. Apparently, the District Court accepted the facts as recited by the Supreme Court of South Carolina in its opinion affirming the judgment of conviction.[1] That recitation was made before the Supreme Court's decision in Escobedo, and the focus of attention in the Supreme Court of South Carolina was upon the claim that the confessions were coerced under standards generally accepted before Escobedo. Absence of advice of counsel was only tangentially involved in that inquiry.

For that reason, among others, the petitioners also claim that the District Court should have afforded them an evidentiary hearing to permit them to offer additional evidence bearing upon the factual issues relevant to a determination of the applicability of the principles of Escobedo.

For the purpose of developing a more adequate record for review of the findings and conclusions of the District Court, the cases will be remanded to that Court, with leave to the petitioners to amend their petitions to clearly present their contentions that they are entitled to relief under the principles of Escobedo, for the purpose of supplementation of the record to include the record of the proceedings in the state trial court and for the receipt of such additional relevant evidence as may be tendered by the petitioners or the state. Thereafter, the District Court will be requested to restate its findings of the historical facts made in light of the record thus supplemented and enlarged. If, to any extent, it should accept the state court's resolution of the historical facts, it should include findings with respect to the adequacy and sufficiency of the state court processes as required by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L. Ed.2d 770.

Since we are remanding for clarification of the factual issues, we intimate no opinion as to whether or not either petitioner might be entitled to some relief under the principles of Escobedo as applied to the factual situations as represented in this Court.

The judgments denying the petitions for writs of habeas corpus are vacated and the cases remanded to the District Court for further proceedings not inconsistent with this opinion. The stays of execution of the death penalty will be continued in effect, subject to the further orders of the court having jurisdiction of the cases, pending the final determination of these proceedings in the federal courts.

Vacated and remanded.

1. State v. Morris, et al., 243 S.C. 225, 133 S.E.2d 744.